IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

CHARLES WHATLEY,                    §
                                    §
        Plaintiff,                  §
                                    §
v.                                  §       CIVIL ACTION NO. H-13-3735
                                    §
LARRY MELTON, A. CROSS, and         §
JERRY WAXLER,                       §
                                    §
        Defendants.                 §

## MEMORANDUM AND ORDER

In this civil rights case, Plaintiff Charles Whatley has sued Defendants Larry

Melton, Michael A. Cross, and Jerry Waxler.  Defendants Cross and Melton have filed

a Motion for Summary Judgment [Doc. # 47] ("MSJ"), to which Plaintiff has

responded [Doc. # 52] and Defendants have replied [Doc. # 54].   In addition,

Defendant Waxler has filed a Motion for Summary Judgment [Doc. # 55], to which

Plaintiff responded [Doc. # 56].  The motions are ripe for consideration.  Having

considered the parties' submissions, all matters of record, and applicable legal

authorities, the Court concludes that both motions should be **granted**.

I.      **BACKGROUND**

Plaintiff brings claims for unconstitutional arrest and prosecution, conspiracy, and failure to intervene, as well as claims under Texas law, including conspiracy, abuse of process, malicious prosecution, assault, and false imprisonment.  *See* Plaintiff's Second Amended Complaint [Doc. # 26] ("Complaint").  He brings these claims against three Defendants:  Deputy Michael A. Cross, an officer with the Montgomery County Sheriff's Office ("MCSO");  Larry Melton, an investigator with the Montgomery County District Attorney; and Jerry Waxler, whom Plaintiff identifies as a former deputy with MCSO.[1]

Plaintiff holds a Texas peace officer's license and previously was a captain in charge of security with Mike Garcia Merchant Security ("Garcia Security"), which was under contract with the Federal Aviation Administration at Bush Intercontinental Airport in Houston, Texas.  He states that he had worked at Garcia Security for over ten years and met rigid federal security requirements.

Defendant Waxler worked as a security officer at Garcia Security under Plaintiff's supervision.  Plaintiff alleges that Defendant Waxler was disgruntled and, in retaliation against Plaintiff, claimed in February 2011 to have received a "text of

---

[1]      Plaintiff originally brought claims against Montgomery County, which were dismissed by the Court on June 5, 2014.  *See* Memorandum and Order [Doc. # 33].

a naked person" from Plaintiff in December 2010.  Complaint, at 5, ¶ 14.  Plaintiff

maintains that Garcia Security "investigated the incident and determined there was no

evidence" supporting the accusation, and that "[t]he fact that Ex-deputy Waxler was

untruthful and was retaliating against Captain Whatley is fully documented in the

records of Garcia Security."  *Id.*  However, the record before this Court does not

contain any evidence of an investigation or findings by Garcia Security.[2]

On October 7, 2011, Defendant Waxler contacted the MCSO and initiated a

criminal complaint regarding the text messages allegedly sent by Plaintiff in

December 2010. *See* Incident/Offense Report, MCSO, dated October 7, 2011 (Exhibit

1 to MSJ) ("Offense Report").  The offense report lists three officers assigned to the

matter, one of whom was Defendant Cross.  Defendants  Cross and Waxler met later

that day in reference to the complaint, and Cross took a written statement from

Waxler.  Deputy Cross' report states that Waxler complained of two text messages

from Plaintiff, one with a photo of a penis received on December 24, 2010, and a

second that referenced masturbation on December 30, 2010.  Defendant Waxler stated

---

[2]      Plaintiff also alleges that Defendant Waxler had been terminated as a deputy with
MCSO in 2008 for untruthfulness and making false accusations.  The record before
this Court does not contain evidence of these events.  Plaintiff states that the
discipline by MCSO against Defendant Waxler was "fully documented" but that
defense counsel has refused to provide him with Defendants' personnel records.
Complaint, at 4, ¶11 & n.3.

that both had come from a phone number that belonged to Plaintiff, that he had complained to his employer, that "other things [were] going on at work also," and that he wished to press charges.  Offense Report, at 4.  Deputy Cross' report states that he had reviewed the two messages and advised Waxler that "he would need a copy."  *Id.* The next day, on October 8, 2011, Deputy Cross went to Waxler's residence, collected copies of the text messages, and submitted them to the crime lab as evidence, but "did not attach them to this report due to the vulgarity of the messages."  *Id.* at 6.  *See id.* at 7 (MCSO Property Inventory and Laboratory Report reflecting submission on Oct. 8, 2011, of six printed pages with text messages).  Cross then completed an affidavit for arrest and submitted the matter to the Montgomery County District Attorney for review. *Id*. at 6.

Plaintiff claims that the phone number identified in the Offense Report was not his number but rather belonged to Garcia Security, that the number was "used by many employees," and that Defendant Waxler was aware of that fact.  Complaint, at 6, ¶ 18.  He further claims that "in fact . . . Waxler had not received a text message of a man's penis from anyone."  *Id*.  ¶ 19.  Plaintiff alleges that Defendants Waxler and Cross were acquainted previously and that both knew that the accusations against Plaintiff were false but nevertheless submitted them to the District Attorney.  *Id.* at 6-7, ¶ 19; *id*. at 7-8, ¶ 22; *id*. at 11-12, ¶ 35.

On November 16, 2011, Defendant Melton, an investigator with the Montgomery County District Attorney, completed an Affidavit for Order of Arrest in support of Plaintiff's arrest for harassment.  Affidavit for Order of Arrest (Exhibit 5 to MSJ) ("Arrest Affidavit").  Melton's affidavit stated that he had reviewed the Offense Report submitted by Deputy Cross, that Cross had received copies of the messages, and that Cross stated that the messages were vulgar.  On that basis, Melton requested the issuance of an arrest warrant.  Plaintiff alleges that Defendant Melton knew that the allegations in the affidavit were false and that Defendants Cross and Melton conspired to deceive the judge and the district attorney.  Complaint, at 11-13, ¶¶ 34-37.

On November 18, 2011, a magistrate for County Court at Law # 3 of Montgomery County found probable cause and issued an order for Plaintiff's arrest. *See* Arrest Affidavit.  On December 22, 2011, Plaintiff was arrested by the Houston Police Department at his workplace for the crime of harassment.  He spent approximately eight hours in jail before being bailed out.  Complaint, at 14, ¶ 40. Plaintiff alleges that, after his arrest, Defendant Waxler "repetitively called Garcia Security and demanded that Captain Whatley be fired because of the arrest," but that Garcia Security refused. *Id.* at 15, ¶ 43.  Plaintiff states that he nevertheless lost his job because Waxler "then began calling the Federal Aviation Administration and

informed them of the arrest and the FAA cancelled [Garcia Security's] contract

putting [Plaintiff] and 11 other people out of work." *Id.*

On February 13, 2012, the charges against Plaintiff were dismissed for

insufficient evidence.  Order dated Feb. 13, 2012 (Exhibit 2 to Response [Doc. # 52]).

Plaintiff alleges that because of his arrest and court record he has not been able to find

work for two years equivalent to his work at Garcia Security.  Complaint, at 16, ¶ 45.

## II.   <u>SUMMARY JUDGMENT STANDARD</u>

Rule 56 of the Federal Rules of Civil Procedure mandates the entry of summary

judgment who fails to make a sufficient showing of the existence of an element

essential to the party's case, and on which that party will bear the burden at trial.

*Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Little v. Liquid Air Corp.,* 37 F.3d

1069, 1075 (5th Cir. 1994) (*en banc*); *see also Baton Rouge Oil and Chem. Workers*

*Union v. ExxonMobil Corp.,* 289 F.3d 373, 375 (5th Cir. 2002).  Summary judgment

"should be rendered if the pleadings, the discovery and disclosure materials on file,

and any affidavits show that there is no genuine issue as to any material fact and that

the movant is entitled to judgment as a matter of law."  FED. R. CIV. P. 56(a); *Celotex*,

477 U.S. at 322-23; *Weaver v. CCA Indus., Inc.*, 529 F.3d 335, 339 (5th Cir. 2008).

For summary judgment, the initial burden falls on the movant to identify areas

essential to the non-movant's claim in which there is an "absence of a genuine issue

of material fact." *Lincoln Gen. Ins. Co. v. Reyna*, 401 F.3d 347, 349 (5th Cir. 2005). The moving party, however, need not negate the elements of the non-movant's case. *See Boudreaux v. Swift Transp. Co.*, 402 F.3d 536, 540 (5th Cir. 2005). The moving party may meet its burden by pointing out "'the absence of evidence supporting the nonmoving party's case.'" *Duffy v. Leading Edge Prods., Inc.*, 44 F.3d 308, 312 (5th Cir. 1995) (quoting *Skotak v. Tenneco Resins, Inc.,* 953 F.2d 909, 913 (5th Cir. 1992)).

If the moving party meets its initial burden, the non-movant must go beyond the pleadings and designate specific facts showing that there is a genuine issue of material fact for trial. *Littlefield v. Forney Indep. Sch. Dist.*, 268 F.3d 275, 282 (5th Cir. 2001) (internal citation omitted). "An issue is material if its resolution could affect the outcome of the action. A dispute as to a material fact is genuine if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *DIRECTV Inc. v. Robson*, 420 F.3d 532, 536 (5th Cir. 2006) (internal citations omitted).

In deciding whether a genuine and material fact issue has been created, the court reviews the facts and inferences to be drawn from them in the light most favorable to the nonmoving party. *Reaves Brokerage Co. v. Sunbelt Fruit & Vegetable Co.*, 336 F.3d 410, 412 (5th Cir. 2003). A genuine issue of material fact

exists when the evidence is such that a reasonable jury could return a verdict for the non-movant. *Tamez v. Manthey*, 589 F.3d 764, 769 (5th Cir. 2009) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).  The non-movant's burden is not met by mere reliance on the allegations or denials in the non-movant's pleadings. *See Diamond Offshore Co. v. A&B Builders, Inc.*, 302 F.3d 531, 545 n.13 (5th Cir. 2002), *overruled in part on other grounds by Grand Isle Shipyard, Inc. v. Seacor Marine, LLC*, 589 F.3d 778 (5th Cir. 2009).  Likewise, "conclusory allegations" or "unsubstantiated assertions" do not meet the non-movant's burden. *Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.*, 530 F.3d 395, 399 (5th Cir. 2008). Instead, the nonmoving party must present specific facts which show "the existence of a genuine issue concerning every essential component of its case." *Am. Eagle Airlines, Inc. v. Air Line Pilots Ass'n, Int'l*, 343 F.3d 401, 405 (5th Cir. 2003) (citation and internal quotation marks omitted).  In the absence of any proof, the court will not assume that the non-movant could or would prove the necessary facts. *Little*, 37 F.3d at 1075 (citing *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888 (1990)).

The Court may make no credibility determinations or weigh any evidence. *See Chaney v. Dreyfus Serv. Corp.*, 595 F.3d 219, 229 (5th Cir. 2010) (citing *Reaves Brokerage Co.*, 336 F.3d at 412-413).  The Court is not required to accept the nonmovant's conclusory allegations, speculation, and unsubstantiated assertions

which are either entirely unsupported, or supported by a mere scintilla of evidence. *Id.* (citing *Reaves Brokerage*, 336 F.3d at 413).

Affidavits cannot preclude summary judgment unless they contain competent and otherwise admissible evidence. *See* Fed. R. Civ. P. 56(c)(4) ("An affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated"); *Love v. Nat'l Med. Enters.*, 230 F.3d 765, 776 (5th Cir. 2000); *Hunter-Reed v. City of Houston*, 244 F. Supp. 2d 733, 745 (S.D. Tex. 2003). A party's self-serving and unsupported statement in an affidavit will not defeat summary judgment where the evidence in the record is to the contrary. *See In re Hinsely*, 201 F.3d 638, 643 (5th Cir. 2000).

Finally, although the Court may consider all materials in the record when deciding a summary judgment motion, "the court need consider only the cited materials." Fed. R. Civ. P. 56(c)(3). "When evidence exists in the summary judgment record but the nonmovant fails even to refer to it in the response to the motion for summary judgment, that evidence is not properly before the district court. Rule 56 does not impose upon the district court a duty to sift through the record in search of evidence to support a party's opposition to summary judgment." *Malacara v. Garber*, 353 F.3d 393, 405 (5th Cir. 2003) (internal citations and quotation marks omitted).

III.  **ANALYSIS**

Plaintiff brings the following claims (1) constitutional violations related to his arrest and prosecution, (2) conspiracy, (3) failure to intervene to prevent arrest and prosecution, and (4) various state law causes of action including abuse of process and malicious prosecution.   The Court will address each in turn.

A.  **Section 1983 Claims Pertaining to Arrest and Prosecution**

Plaintiff alleges false arrest and wrongful prosecution by Defendants, bringing claims under 42 U.S.C. § 1983 for violations of the Fourth, Fifth, and Fourteenth Amendments to the Constitution.   Complaint, at 18-20, ¶¶ 49-55.   Plaintiff was arrested for harassment under Texas Penal Code § 42.07, which provides in part as follows:

> A person commits an offense if, with intent to harass, annoy, alarm, abuse, torment, or embarrass another, the person:   (1) initiates communication and in the course of the communication makes a comment, request, suggestion, or proposal that is obscene;  . . . [or] (7) sends repeated electronic communications in a manner reasonably likely to harass, annoy, alarm, abuse, torment, embarrass, or offend another.

TEX. PENAL CODE § 42.07(a).[3]

---

[3]   The statute defines "obscene" as "containing a patently offensive description of or a solicitation to commit an ultimate sex act, including sexual intercourse, masturbation, cunnilingus, fellatio, or anilingus, or a description of an excretory function."  TEX. PENAL CODE § 42.07(b)(3).

### 1.   Claims against Defendant Waxler

To the extent Plaintiff brings his Section 1983 against Defendant Waxler, those claims are dismissed.  "Section 1983 provides a civil remedy in federal court for violations, *under color of state law*, of a person's constitutionally recognized rights, privileges, or immunities."  *Bledsoe v. City of Horn Lake, Miss.*, 449 F.3d 650, 653 (5th Cir. 2006) (footnote omitted) (emphasis added).  Plaintiff identifies Waxler as a former MCSO deputy, and does not allege that he was a pubic official at the time of the events in question.  Accordingly, the Section 1983 claims against Defendant Waxler fail as a matter of law.

### 2.   Claims against Defendants Cross and Melton

Plaintiff alleges that Defendant Cross, a MCSO deputy, and Defendant Melton, an investigator for the Montgomery County DA, violated his constitutional rights by their roles in his arrest and prosecution.  Plaintiff asserts that Defendants had no probable cause to arrest him, and that they arrested and prosecuted him with knowledge that probable cause was absent.  Defendants have asserted qualified immunity.

An arrest must be supported by probable cause.  *United States v. Nunex-Sanchez*, 478 F.3d 663, 666 (5th Cir. 2007); *Glenn v. City of Tyler*, 242 F.3d 307, 313 (5th Cir. 2001).  *See Cooper v. City of La Porte Police Dept.*, ___ F. App'x ___, 2015

WL 1727404, at *3 (5th Cir. April 14, 2015). "Probable cause exists when the totality of facts and circumstances within a police officer's knowledge at the moment of arrest are sufficient for a reasonable person to conclude that the suspect had committed or was committing an offense." *Nunez-Sanchez*, 478 F.3d at 666 (internal quotation marks and citation omitted). In a case such as this one when a warrant issued for the arrest, the courts evaluate "the facts available to the officer at the time he submitted the application" for a warrant. *Bennett v. City of Grand Prairie, Tex.*, 883 F. 2d 400, 404 (5th Cir. 1989). The facts within the officer's knowledge must establish a "fair probability" that a crime occurred, which is defined as "more than a bare suspicion" but less than a fifty percent probability. *Nunez-Sanchez*, 478 F.3d at 666-67. *See Blanchard v. Lonero*, 452 F. App'x 577, 586 (5th Cir. 2011).

A claim for unlawful arrest may also be supported by evidence that an officer secured a warrant based on information the officer knew was false, or with reckless disregard for the truth. *Freeman v. Cty of Bexar*, 210 F.3d 550, 553 (5th Cir. 2000). *See Johnson v. Norcross*, 565 F. App'x 287, 289 (5th Cir. 2014) ("both intentional misrepresentations in warrant applications and material omissions from the same may give rise to Fourth Amendment claims"); *Blanchard*, 452 F. App'x at 585-86. In such circumstances, the Court disregards any "*properly contested* statements in the affidavits" and then determines "whether the warrant would establish probable cause

without the allegedly false information. *Freeman*, 210 F.3d at 553 (emphasis added). Therefore, a plaintiff "must demonstrate (1) that the defendants knowingly or recklessly omitted exculpatory information from the affidavits they submitted in support of the warrant applications and (2) that the warrants would not have established probable cause if the omitted information had been included in the affidavits." *Johnson*, 565 F. App'x at 289 (internal alterations, quotation marks, and citations omitted).

Because Defendants Melton and Cross have asserted qualified immunity, Plaintiff bears the burden to show that the defense does not apply. *Crostley v. Lamar Cty, Tex.*, 717 F.3d 410, 422 (5th Cir. 2013). Qualified immunity protects government officials from liability for civil damages when their conduct is "objectively reasonable in light of clearly established law." *Id.* (citing *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982); *Kinney v. Weaver*, 367 F.3d 337, 346 (5th Cir. 2004) (en banc)). A plaintiff who argues that qualified immunity does not apply must show (1) that the defendants committed a constitutional violation under current law, ***and*** (2) that the defendants' actions were "objectively unreasonable in light of the law that was clearly established at the time of the actions complained of." *Id.* (internal quotation marks and citations omitted). An officer's mistaken judgment does not preclude application of qualified immunity. *Id.* at 423. Rather, "[w]hen properly applied, [qualified

immunity] protects all but the plainly incompetent or those who knowingly violate the law." *Ashcroft v. al-Kidd*, 131 S. Ct. 2074, 2085 (2011) (internal quotation marks and citations omitted).

### a.    Claims against Defendant Cross

Plaintiff alleges that the arrest warrant against him was not supported by probable cause and that his arrest and the subsequent criminal proceeding violated his constitutional rights.  Defendant Cross is entitled to immunity unless there was not probable cause to arrest Plaintiff for harassment ***and*** a reasonable officer in his position could not have concluded that there was probable cause for the arrest.  *See Cooper*, 2015 WL 1727404, at *3; *Glenn*, 242 F.3d at 312-13.[4]  The Court may conduct this two-pronged inquiry in any order.  *Crostley*, 717 F.3d at 422.

Plaintiff has failed to demonstrate a genuine issue of material fact that a reasonable officer in Deputy Cross' position could not have concluded that probable cause existed at the time when Deputy Cross submitted an affidavit for arrest to the District Attorney.  As noted, the standard for probable cause is a "fair probability," which is less than a fifty percent probability.  *Nunez-Sanchez*, 478 F.3d at 666-67.

---

[4]      Although Plaintiff also claims that he was innocent of harassment, his actual innocence or guilt  is immaterial to his Section 1983 claims.  *See Cooper*, 2015 WL 1727404, at *4 (whether the arrestee actually committed the offense is immaterial to probable cause determination).  If Defendants had probable cause for Plaintiff's arrest, his Section 1983 claims fail.

Deputy Cross, upon receiving Defendant Waxler's criminal harassment complaint against Plaintiff, went to Waxler's residence to investigate the complaint.   He interviewed Defendant Waxler and took his written statement.   His report contains specific details as to the dates and times of the offending messages, the phone number from which they were sent, and a description of the messages' content.   The next day, Cross obtained copies of the offending messages from Waxler, submitted them to the crime lab evidence facility, and forwarded the case to the District Attorney for review. This evidence satisfies the "fair probability" standard.

Plaintiff maintains that Defendant Cross' investigation had "significant omissions" because, despite the lack of urgency or ongoing criminal activity,[5] Deputy Cross failed to interview Plaintiff, did not verify the phone number from which the text messages came or secure the offending phone, did not inquire into Defendant Waxler's motives for making the complaint, did not document the acrimonious history between Defendant Waxler and Plaintiff, permitted Defendant Waxler to provide copies of the offending messages one day later, elected not to attach the offending messages to his report due to their "vulgarity."   Response [Doc. # 52], at 8-9, 12. These alleged omissions from the investigation, however, are insufficient to

---

[5]      The offending messages in this case were sent in December 2010 but Defendant Waxler did not initiate his complaint until October 2011.   The warrant for Plaintiff's arrest was not issued in November 2011 and Plaintiff was arrested in December 2011.

demonstrate that probable cause was lacking, or that Deputy Cross' decision was objectively unreasonable.  Courts have found sufficient probable cause when officers relied on uncorroborated allegations, including cases in which the officers did not attempt to interview the other party to the dispute.  *See Quinn v. Roach*, 326 F. App'x 230, 286 (5th Cir. 2009) (citing, *inter alia*, *Wadkins v. Arnold*, 214 F.3d 535, 5411 (4th Cir. 2000) ("the failure to pursue a potentially exculpatory lead is not sufficient to negate probable cause")).[6]  This is not a case of conflicting evidence in the summary judgment record, as in *Tolan v. Cotton*, 134 S. Ct. 1861 (2014), a recent Supreme Court case cited by Plaintiff.[7]  Rather, in this case, the record evidence weighing in Defendants' favor is contested only by the cursory allegations of Plaintiff,

---

[6]     Plaintiff has submitted a report regarding police practices from Roger Clark of Police Procedures Consultant, Inc., although Plaintiff never cites to the report in his briefing. *See* Report dated Dec. 15, 2014 (Exhibit 3 to Response [Doc. # 52]).  To the extent Plaintiff intends to argue that Defendants failed to follow good police practices, such a showing would be insufficient to show the absence of objective reasonableness.  *See Quinn*, 326 F. App'x at 287 ("Further investigation into [the complaining witness'] reliability may have been advisable as a matter of good police practices, but it was not objectively unreasonable to believe that probable cause existed even in the presence of some questions about [the witness'] reliability.")

[7]     In *Tolan*, the Supreme Court held that the lower court had erred in granting summary judgment based on qualified immunity because the court "fail[ed] to credit ***evidence*** that contradicted some of its key factual conclusions."  *Id.* at 1866 (emphasis added).

which are insufficient to meet Plaintiff's burden to demonstrate a genuine fact issue for trial.[8]

Moreover, Defendant Cross was entitled to assume that the information provided by Defendant Waxler was credible. The Fifth Circuit has stated that an officer who receives information from a source "'should be permitted to assume that they are dealing with a credible person in the absence of special circumstances suggesting that such might not be the case.'" *Crostley*, 717 F.3d at 424 (quoting *U.S. v. Fooladi*, 703 F.2d 180, 183 (5th Cir. 1983)). *See Scallion v. Norman*, 251 F. App'x 853, 855 (5th Cir. 2007) (a reasonable officer "may rely *without investigation* on information from a trustworthy source.") (emphasis added). In this case, Plaintiff has

---

[8]    In addition to the statements in his Complaint and his briefing, Plaintiff has submitted his Declaration (Exhibit 1 to Response [Doc. # 52]), to which Defendants have objected on multiple grounds including hearsay, lack of personal knowledge, and relevance. *See* Reply [Doc. # 54]. Plaintiff's statements in his Declaration, even assuming they were admissible, are insufficient to defeat summary judgment because they are cursory and unsupported by evidence in the record. *See Young v. Equifax Credit Info. Servs., Inc.*, 294 F.3d 631, 639 (5th Cir. 2002) ("Conclusory affidavits are not sufficient to defeat a motion for summary judgment."); *Roberts v. Cardinal Servs., Inc.*, 266 F.3d 368, 376 n.33 (5th Cir. 2001) ("[C]onclusory statements in an affidavit do not provide facts that will counter summary judgment evidence, and testimony based on conjecture alone is insufficient to raise an issue to defeat summary judgment") (internal quotation marks and citations omitted). For example, Plaintiff states in his Declaration, at 2, ¶ 3, that he "did not send Mr. Waxler or anyone any text messages or photos containing nudity or anything harassing or vulgar," and that Garcia Security's investigation concluded that no text messages were sent; however, the records from Garcia Security's investigation are not before this Court. Moreover, the Offense Report submitted by Defendants provides evidence to the contrary.

pointed to no competent summary judgment evidence that Deputy Cross was aware of special circumstances that would impair Defendant Waxler's credibility.

Plaintiff also alleges that Cross knowingly submitted false information, or knowingly omitted exculpatory information, in connection with the arrest warrant. He asserts that Deputy Cross' investigation "was so outrageously poor and lacking in any evidence it could only have resulted from knowledge of Captain Whatley's innocence and conspiracy." Response [Doc. # 52], at 1; *see id*. at 6. For the reasons stated above, this argument fails. Deputy Cross' report in fact was not lacking in evidence, but rather contained a written statement from Defendant Waxler, the content of the offending messages, and details including the date, time, and originating phone number. Even if the alleged omissions identified by Plaintiff were also considered, this evidence gathered by Deputy Cross is sufficient to meet the probable cause "fair probability" standard. *See Nunez-Sanchez*, 478 F.3d at 666-67. Furthermore, Plaintiff has pointed to no evidence in the record that Defendants "knowingly" violated Plaintiff's rights.[9]

---

[9]     Plaintiff appears to argue that the Defendants Cross and Waxler were acquainted before the investigation in this case, and that their previous acquaintance supports his argument that the Defendants "knowingly" violated Plaintiff's rights. Mere acquaintance, even if proven, would be insufficient to establish Defendants' state of mind. Moreover, such allegations find no support in the record evidence. Defendant Cross testified at his deposition that he and Defendant Waxler had worked for MCSO
(continued...)

Plaintiff bears the burden of proof on the issue of qualified immunity, and has not proffered competent summary judgment evidence showing a genuine issue of material fact as to either the absence of probable cause or the objective unreasonableness of Defendant Cross' actions.  Defendant Cross therefore is entitled to summary judgment.

### b.   Claims against Defendant Melton

As with Defendant Cross, Plaintiff's claims against Defendant Melton hinge on whether the arrest warrant was supported by probable cause.  Defendant Melton is entitled to immunity unless a there was an absence of probable cause to arrest Plaintiff for harassment ***and*** a reasonable officer in Melton's position could not have concluded that there was probable cause for the arrest.  *See Cooper*, 2015 WL 1727404, at *3; *Glenn*, 242 F.3d at 312-13.  Melton, as investigator for the District Attorney's office, received the offense report from Defendant Cross and reviewed it for probable cause.  Melton sent the report to the Assistant District Attorney, who agreed that there was probable cause and presented affidavit to the magistrate judge, who signed an order for Plaintiff's arrest.  *See* Arrest Affidavit.

---

[9]      (...continued)
at the same time and had met, but that Cross had never worked directly with Waxler and did not know him socially.  *See* Exhibit 7 to Response [Doc. # 52], at 28-30.

Plaintiff faults Defendant Melton for merely reading Defendant Cross' report, and then signing and submitting an affidavit that had been drafted by Cross. Response [Doc. # 52], at 13 (citing Melton Deposition, at 19-20).[10] He asserts that Melton should have supplemented the investigation by completing multiple tasks, including reviewing or verifying the content of the offending messages, inquiring into Defendant Waxler's motives, inspecting telephone records, calling the offending number, reviewing the company investigation to which Defendant Waxler referred, placing Waxler's phone into evidence, documenting how and when Waxler produced the printouts of the alleged messages, and interviewing Plaintiff. *Id*. at 14-15.

As stated above, the extensive additional investigation outlined by Plaintiff was not required for probable cause, which merely requires a "fair probability" that an offense had occurred. *See Nunez-Sanchez*, 478 F.3d at 666-67. Defendant Melton, like Defendant Cross, was justified in finding probable cause based on Defendant Waxler's written statement, the detailed information in Deputy Cross' report, and Deputy Cross' review of the offending messages. Moreover, it was not objectively

---

[10]     Plaintiff argues that Defendant Cross' report, on its face, showed a failure to investigate and the absence of probable cause. This argument fails for the reasons stated in the previous section of this opinion.

unreasonable for an investigator in Melton's position to find probable cause based on the report of a deputy sheriff.[11]

Finally, Plaintiff alleges that Defendant Melton knew that the allegations against Plaintiff were false.  However, the record is devoid of any competent evidence supporting this assertion.  Plaintiff has not identified any evidence in the record suggesting that Defendant Melton knew Defendants Cross or Waxler or had previously discussed the case with them.

### 3.    Conclusion on Section 1983 Claims

Defendant Waxler is entitled to summary judgment on Plaintiff's Section 1983 claims because Plaintiff has not alleged or presented evidence that he is a state actor.

Defendants Cross and Melton are entitled to summary judgment on qualified immunity grounds.  Plaintiff has failed to present competent summary judgment evidence supporting his arguments that Defendants Cross and Melton lacked probable cause, or that a reasonable officer in their position could not have concluded that probable cause existed.

---

[11]    In fact, as Plaintiff points out, Defendant Melton testified he had 43 years of experience and had processed "hundreds" of reports during his career without personally verifying the underlying facts. Response [Doc. # 52], at 13 (citing Melton Deposition).  If anything, the fact that Defendant Melton followed his standard procedure when reviewing Deputy Cross' report further supports the objective reasonableness of his actions in this case.

**B.**     **Section 1983 Conspiracy**

Plaintiff's Complaint alleges that Defendants conspired to violate his Fourth, Fifth, and Fourteenth Amendment rights "by fabricating evidence and perpetuating falsities . . . and then moving forward with the paperwork necessary to falsely charge, arrest and prosecute Plaintiff for harassment when Defendants knew there was no probable cause or reasonable suspicion that Plaintiff had committed any crime," and furthermore that Defendants conspired to get Plaintiff fired from his job.  Complaint, at 20, ¶¶ 56-58.

In his summary judgment briefing, Plaintiff cites to cases pertaining to Section 1983 conspiracies.  In limited circumstances, a private actor such as Defendant Waxler can act "under color of law" for purposes of Section 1983 if he conspires with state officials to violate a plaintiff's civil rights.  *See Mowbray v. Cameron Cty, Tex.*, 274 F.3d 269, 278 (5th Cir. 2001).   To state a claim of conspiracy under Section 1983, a plaintiff must show that (1) the private and public defendants agreed to commit an illegal act and (2) an actual deprivation of constitutional rights occurred.  *Cinel v. Connick*, 15 F.3d 1338, 1343 (5th Cir. 1994).  *See Jabary v. City of Allen*, 547 F. App'x 600, 610 (5th Cir. 2013).

As to the first prong, Plaintiff must prove an actual agreement between the parties to deprive him of his civil rights.   Plaintiff makes a bare allegation that

Defendants Cross and Melton "agreed . . . to not attach the text messages" to the arrest affidavit, presumably to deceive the magistrate judge. Complaint, at 11, ¶ 34. This allegation finds no support in the record. Similarly, Plaintiff's allegation that Defendants Waxler and Cross "had arranged for Ex-deputy Waxler to phone in [his complaint] when Deputy Cross was available to take the call for service," *id*. at 5, ¶ 15, so as to ensure that Cross would handle the investigation, is unsupported by any competent summary judgment evidence. These conclusory statements are insufficient. *See Priester v. Lowndes Cty.*, 354 F.3d 414, 423 (5th Cir. 2004) ("[w]ithout knowledge of the content of the conversation or any objective evidence of an agreement, [the plaintiff's] assertion is nothing more than conclusory" and is insufficient to overcome summary judgment); *Mowbray*, 274 F.3d at 278.

In addition, Plaintiff has failed to make the required showing as to the second prong of this test, *i.e.*, whether an actual deprivation of constitutional rights occurred. For the reasons stated above regarding Plaintiff's Section 1983 claims, Plaintiff has failed to demonstrate a genuine issue of material fact that probable cause was lacking for his arrest.

Summary judgment is granted for Defendants on Plaintiff's conspiracy claim.

## C.      **Failure to Intervene**

Defendants have moved for summary judgment on Plaintiff's claim regarding Defendants' "failure to intervene" in his arrest and prosecution.  Plaintiff's Complaint alleges that the "individual defendants were in a position to and/or had the ability to intervene to prevent the arrest and the prosecution of Plaintiff," and that they knew that the arrest and prosecution violated Plaintiff's constitutional rights.  Complaint, at 20-21, ¶¶ 59-60.  Plaintiff appears not to oppose summary judgment on this claim because he does not address it his briefing.  Nevertheless, the Court will examine the merits of the claim.  *See Resolution Trust Corp. v. Starkey*, 41 F.3d 1018, 1022-23 (5th Cir. 1995).

In 2013, the Fifth Circuit articulated the theory of bystander liability as follows:

> [A]n officer may be liable under § 1983 under a theory of bystander liability where the officer (1) knows that a fellow officer is violating an individual's constitutional rights; (2) has a reasonable opportunity to prevent the harm; and (3) chooses not to act.

*Whitley v. Hanna*, 726 F.3d 631, 646 (5th Cir. 2013), *cert. denied*, 134 S. Ct. 1935 (2014) (internal quotation marks, citations, and footnote omitted).  *See Hale v. Townley*, 45 F.3d 914, 919 (5th Cir. 1995).  An officer must be present at the scene of the constitutional violation in order to be liable for failure to intervene.  *Whitley*,

726 F.3d at 646; *Hale*, 45 F.3d at 919.

Plaintiff has failed even to allege that Defendants Cross and Melton were in each other's presence at the time he alleges they violated his rights, and no evidence in the record would support such an allegation.[12]   Summary judgment is granted for Defendants on Plaintiff's claim of failure to intervene.

### D.     State Law Claims

Plaintiff brings five claims against Defendants under Texas law:   (1) conspiracy, (2) abuse of process, (3) malicious prosecution, (4) assault and/or battery, and (5) false imprisonment.   Complaint, at 21-22, ¶¶ 64-65.   Defendants Cross and Melton have moved for summary judgment on all of Plaintiff's state law claims.

With certain exceptions, a federal court has supplemental jurisdiction over state law claims "so related to claims in the action within [its] original jurisdiction that they form part of the same case or controversy."   28 U.S.C. § 1367(a).   However, a court may decline to exercise supplemental jurisdiction over state law claims when it has dismissed all claims over which it had original jurisdiction.   *Smith v. Amedisys Inc.*, 298 F.3d 434, 446-47 (5th Cir. 2002); *see Welch v. Jannereth*, 496 F. App'x 411, 413 (5th Cir. 2012).   The statute provides that a court may decline to exercise

---

[12]     Plaintiff's failure to intervene claim would not be viable against Defendant Waxler because he was not an officer at the time of the relevant events.

supplemental jurisdiction if: "(1) the claim raises a novel or complex issue of State law, (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction, (3) the district court has dismissed all claims over which it has original jurisdiction, or (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction."   28 U.S.C. § 1367(c).   In addition, the courts consider the factors of judicial economy, convenience, fairness, and comity.  *Welch*, 496 F. App'x at 413 (quoting *Smith*, 298 F.3d at 447).

In this case, the state law claims advanced by Plaintiff arise from the same facts as those supporting his federal claims, and the Court is familiar with the parties' dispute.  The case is nearly ready for trial:  discovery closed in March, 2015, the parties' dispositive motion deadline was in April, and the case is set for docket call on July 16.  Moreover, as discussed below in the context of each claim, none involves a "novel or complex" issue of Texas law.  The Court concludes that, although it has dismissed the claims within its original jurisdiction, the factors of judicial economy, convenience, and fairness to the parties weigh heavily in favor of the exercise of supplemental jurisdiction.

### a.    State Law Conspiracy

Although Plaintiff brings a state law conspiracy claim in his Complaint, he does not separately address this claim in his summary judgment briefing.  In any event, as

under federal law, Texas law regarding conspiracy requires proof of an agreement or meeting of the minds.  *See Tri v. J.T.T.*, 162 S.W.3d 552, 556 (Tex. 2005).  As held above in the context of Plaintiff's Section 1983 claims, Defendants are entitled to summary judgment because Plaintiff has presented no competent summary judgment evidence of an agreement between the parties.

### b.    Abuse of Process

Plaintiff brings a claim for abuse of process under Texas law.  Plaintiff alleges that he "has raised a fact issue as to abuse of process caused by former deputy Waxler's false accusations of harassment when [Plaintiff] was taken into custody at work and subjected to searches at the jail," and that Defendant Waxler "was clearly attempting" to have Plaintiff "removed from his position as Waxler's boss." Response [Doc. # 56], at 28.    He provides no other facts or evidence supporting his claim.

Under Texas law, the evidence required to prove an abuse of process claim is as follows:

> The elements of an abuse-of-process claim are (1) the defendant misused a regularly issued process—e.g., "the issuance of a citation or a writ"—for a purpose not lawfully warranted by that particular process, (2) the defendant had an ulterior motive or purpose for misusing the process, and (3) the plaintiff sustained damage from the irregularity.

*Davis v. West*, 433 S.W.3d 101, 110 (Tex. App.–Hou. [1st Dist.] 2014) (citing, *inter alia*, *Detenbeck v. Koester*, 886 S.W.2d 477, 480 (Tex. App.–Hou. [1st Dist.] 1994,

no writ)).  *See Patty v. United States*, No. H:13-CV-3173, 2015 WL 1893584, at *14 (S.D. Tex. Apr. 27, 2015) (Rosenthal, J.).  The claim requires that the process have been used to accomplish an end which is beyond the purview of the process and which compels a party to do a collateral thing which he could not be compelled to do.  *Patty*, 2015 WL 1893584, at *14; *Bray v. Cadle Co.*, No. H:09-CV-663, 2010 WL 4053794, at *17 (S.D. Tex. Oct. 14, 2010) (Ellison, J.).  "When the process is used for the purpose for which it was intended, *even though accomplished by an ulterior motive*, no abuse of process has occurred." *Bray*, 2010 WL 4053894, at *17 (emphasis added).

Although Plaintiff has alleged that Defendants had ulterior motives for filing the criminal complaint against him, he has not presented any admissible evidence that the affidavit and order for his arrest were not lawfully warranted.  On this basis, his claim fails.  *See In re Burzynski*, 989 F.2d 733, 739 (5th Cir. 1993) (plaintiff's allegation that defendants used lawfully issued subpoenas for the unlawful purpose of intimidation is insufficient to satisfy the element of illegal or improper use of process; "[a]n ulterior motive does not supplant the first element").

Plaintiff's abuse of process claim is dismissed.

### c.    Malicious Prosecution

Under Texas law, a claim of malicious prosecution requires proof of seven elements, including the absence of probable cause.  *See Kroger Texas Ltd. P'ship v.*

*Suberu*, 216 S.W.3d 788, 792 n.3 (Tex. 2006) (a claim for malicious criminal prosecution requires proof by a preponderance of the evidence that: (1) a criminal prosecution was commenced; (2) the defendant initiated or procured that prosecution; (3) the prosecution terminated in plaintiff's favor; (4) plaintiff was innocent of the charges; (5) defendant lacked probable cause to initiate the prosecution; (6) defendant acted with malice; and (7) plaintiff suffered damages).

Plaintiff's claim fails for the reasons stated above in regard to the Section 1983 claim. *See supra* Section III.A.2. In particular, in light of the Offense Report and other record evidence, Plaintiff has failed to show the absence of probable cause supporting the warrant for his arrest.

In addition, Defendants Cross and Melton have invoked official immunity as a defense to Plaintiff's state law claims. Texas' official immunity defense is "substantially the same" as federal qualified immunity. *Crostley*, 717 F.3d at 424. *See Bergin v. Tatum*, 549 F. App'x 233, 237 (5th Cir. 2013). State actors are entitled to official immunity for the performance of discretionary duties that are within the scope of their authority, provided that they acted in good faith. *Crostley*, 717 F.3d at 424 (citing *Telthorster v. Tennell*, 92 S.W.3d 457, 460-61 (Tex. 2002)). This Court already has held, *see supra* Section III.A.2, that Defendants Cross and Melton are entitled to federal qualified immunity because they were not objectively unreasonable

in believing that probable cause existed for Plaintiff's arrest. It therefore follows that Plaintiff has failed to demonstrate a genuine issue of material fact as to the application of official immunity. *See Crostley*, 717 F.3d at 424 ("Because we find that Appellees were not objectively unreasonable in believing that probable cause existed, we cannot say they were not acting in good faith over the course of their investigation and arrest of Appellants"); *Bergin*, 549 F. App'x at 237 ("[b]ecause we conclude that a reasonable officer in [the defendant's] position could have concluded that probable cause existed, we therefore hold that [the defendant] is entitled to official immunity under Texas law" for Plaintiff's malicious prosecution claim).[13]

Plaintiff's malicious prosecution claim is dismissed.

### d.    Assault

Plaintiff brings a claim for the tort of assault, which in Texas has the same elements as criminal assault under Texas Penal Code 22.01.

In Texas, a person commits the intentional tort of assault—which is identical to criminal assault—if he: (1) intentionally, knowingly, or

---

[13]    Moreover, although not raised by the parties, the Court notes that the limitations period for malicious prosecution claims is one year after the date of accrual. TEX. CIV. PRAC. & REM. CODE § 16.002(a); *Roehrs v. Conesys, Inc.*, 332 F. App'x 184, 189 (5th Cir. 2009). The claim accrues occurs on the day the criminal prosecution ends. *Mead v. Prop. Owners' Ass'n of Terilingua Ranch, Inc.*, 410 S.W.3d 434, 438 (Tex. App.–El Paso, 2013). In this case, the criminal case against Plaintiff was dismissed on February 13, 2012. Because Plaintiff did not bring this civil action until December 22, 2013, his claim for malicious prosecution is time-barred.

> recklessly causes bodily injury to another . . . ; (2) intentionally or knowingly threatens another with imminent bodily injury . . .; or (3) intentionally or knowingly causes physical contact with another when the person knows or should reasonably believe that the other will regard the contact as offensive or provocative.

*Davila v. United States*, 713 F.3d 248, 261 (5th Cir. 2013) (quoting TEX. PENAL CODE § 22.01(a)) (internal quotation marks omitted).  Texas' "civil privilege defense" protects peace officers for a use of force in the context of an arrest or search when and to the degree the officer reasonably believes the force is necessary, if the officer reasonably believes that the arrest is lawful and identifies himself as a peace officer. *Id.*; TEX. PENAL CODE § 9.51.

Plaintiff does not specify any facts supporting his assault claim, but presumably bases the claim upon the fact that he was arrested for an offense and was later found innocent.  *See* Response [Doc. # 56], at 27 (arguing that Plaintiff "has raised a fact issue as to assault caused by former deputy Waxler's false accusations of harassment when [Plaintiff] was taken into custody at his work and subjected to searches at the jail").  Plaintiff has not alleged that force was used during his arrest or during jail searches, and has failed even to identify the officer who arrested him or to allege that any of the Defendants were present for his arrest.  On this basis, his assault claim fails.

Moreover, Defendants Cross and Melton are entitled to official immunity for their role in Plaintiff's arrest, for the reasons stated above regarding federal qualified immunity.  *See Crostley*, 717 F.3d at 424.

### e.  False Imprisonment

Plaintiff cannot maintain a false imprisonment claim.  Under Texas law, "[t]he essential elements of false imprisonment are: (1) willful detention; (2) without consent; and (3) without authority of law."  *Randall's Food Markets, Inc. v. Johnson*, 891 S.W.2d 640, 644 (Tex. 1995).  *See Davila*, 713 F.3d at 262; *Tovar v. United States*, 244 F.3d 135 (5th Cir. 2000).  Plaintiff's pleadings and arguments defeat the existence of the third element, *i.e.*, without authority of law.  Because Plaintiff was arrested pursuant to a warrant that supported by probable cause and was signed by a magistrate judge, his detention was not without authority of law.  *See Tovar*, 244 F.3d 135.

Plaintiff's false imprisonment claim is dismissed.

### f.  State Law Claims against Defendant Waxler

Defendant Waxler's summary judgment motion did not seek judgment on Plaintiff's state law claims.  Nevertheless, because of the motion filed by Defendants Melton and Cross, the Court now has carefully analyzed each of Plaintiff's state law claims and found that summary judgment for Defendants is warranted on each of the

claims.  With the exception of the official immunity defense, the holdings above regarding Plaintiff's state law claims against Defendants Cross and Melton apply equally to Defendant Waxler.  The Fifth Circuit has recognized that when one defending party establishes that the plaintiff has no cause of action, this defense generally inures also to the benefit of other similarly situated defendants. *See Lewis v. Lynn*, 236 F.3d 766, 768 (5th Cir. 2001).

Given the law set forth above, Plaintiff has not demonstrated a genuine fact issue that would defeat summary judgment as to Defendant Waxler.  Therefore, the state law claims against Defendant Waxler are dismissed.

## IV.   CONCLUSION

For the foregoing reasons, it is hereby

**ORDERED**   that the Motion for Summary Judgment [Doc. # 47] filed by Defendants Cross and Melton is **GRANTED**.  It is further

**ORDERED**   that Defendant Waxler's Motion for Summary Judgment [Doc. # 55] is **GRANTED**.

All of Plaintiff's claims are **DISMISSED WITH PREJUDICE**.  A separate final judgment will issue.

**SIGNED** at Houston, Texas, this 22nd day of **May, 2015**.

NANCY F. ATLAS
SENIOR UNITED STATES DISTRICT JUDGE